**LUM, DRASCO & POSITAN LLC**
103 Eisenhower Parkway
Roseland, NJ  07068-1049
(973) 403-9000
(973) 403-9021 (FAX)
Attorneys for Petitioner, TQM Construction Co.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TQM CONSTRUCTION CO., <br><br> Petitioner, <br><br> -vs- <br><br> NEW JERSEY BUILDING CONSTRUCTION LABORERS DISTRICT COUNCIL LOCAL 394, <br><br> Respondent. | Civil Action No. <br><br> **VERIFIED PETITION TO VACATE AND/OR LIMIT THE ARBITRATION AWARD** |

Petitioner TQM Construction Co., a New Jersey Corporation with offices at 21 Pine Street, Rockaway, New Jersey by and through its attorneys Lum, Drasco & Positan, LLC hereby applies to the Court as follows:

### PARTIES

1.  At all times relevant to this matter, Petitioner TQM Construction Co. ("TQM") was a New Jersey Corporation engaged in the building construction and general contracting business in New Jersey.

2.  Upon information and belief, at all times relevant to this matter respondent New Jersey Building Laborers District Council, Local 394 ("Local 394") was a labor organization as defined in the National Labor Relations Act (29 U.S.C. § 152 (5)).

332860

## JURISDICTION AND VENUE

3.  This matter arises under the laws of the United States and jurisdiction is conferred on this Court by virtue of the Labor Management Relations Act (29 U.S.C. § 185 (a) and (c)), and the Federal Arbitration Act (9 U.S.C. § 10), since this action seeks to vacate a Labor Arbitration Award.

4.  Venue is properly laid in this District pursuant to 29 U.S.C. § 185 (c) and 9 U.S.C. § 10.

## PROCEDURAL AND FACTUAL BACKGROUND

5.  TQM was awarded a contract by the Elizabeth Board of Education to perform general contracting work at Roosevelt School, in Elizabeth, New Jersey (the "Elizabeth Job").

6.  The Elizabeth Job was a non-union prevailing wage job.

7.  In connection with the Elizabeth Job, TQM hired various subcontractors prior to commencing work.

8.  On or about July 28, 2010, construction began on the Elizabeth Job.

9.  While the Elizabeth Job did not require union work, on or about July 28, 2010, Alfred Castagna ("Castagna") a Business Manager from Local 394 contacted TQM's President Bill DeVre ("DeVre") to see if TQM would hire union workers.

10. DeVre informed Castagna that the Elizabeth Job was not a significant project and that he already had subcontractors in place for the majority of the work, but that TQM would be willing to hire a single Local 394 worker in a limited capacity for the Elizabeth Job.

11. While initially objecting to signing any agreement, on or about July 28, 2010, DeVre executed a Short Form Agreement based on Castagna's representation that it was necessary to get the worker paid.  (Exhibit A).

12. The Short Form Agreement makes reference to a "2007-12 Building Site and General Construction Agreement" but this document was not provided with the Short Form Agreement. (Id.)

13. In fact, despite repeated requests, TQM never received a copy of any agreement entitled "Building Site and General Construction Agreement" until this matter was submitted to arbitration.

14. James Collins ("Collins") was assigned to the Elizabeth Job by Castagna.

15. Collins worked on July 28, 2010, August 2, 2010, August 3, 2010 and August 9, 2010.

16. On or about August 2, 2010, a dispute arose at the jobsite whereby DeVre complained about the sufficiency of Collins' work.

17. On or about August 3, 2010, Castagna, DeVre and Collins met at the jobsite.

18. At that time it was agreed between Castagna and DeVre that Collins' work would be limited to: (1) fixing a plastic partition; (2) cleaning concrete in the bathroom area; and (3) digging a single hole in the ground.

19. Despite the minimal work agreed upon, Collins was unable to complete these limited tasks on August 3, 2010 and was thus required to return to the jobsite on August 9, 2010.

20. Although DeVre himself was required to fix the plastic partition and perform some cleanup work, due to Collins' ineptitude, it is undisputed that Collins was paid for a full days work on July 28, 2010, August 2, 2010, August 3, 2010 and August 9, 2010.

21. Nevertheless, Local 394 filed for arbitration with the New Jersey State Board of Mediation ("NJSBM") alleging that TQM had failed to employ and pay a Union Job Steward at the Elizabeth Job. (Exhibit B)

22. A hearing was held on December 8, 2010 during which TQM was not represented by counsel. (Id.)

23. During the arbitration the evidence unequivocally demonstrated among other things that:

- the Elizabeth Job did not require union workers;

- prior to commencing the Elizabeth Job, TQM hired various subcontractors prior to being approached by Local 394;

- while the Short Form Agreement at issue in this matter makes reference to a "Building Site and General Construction Agreement," TQM never received a copy of any such agreement until this matter was submitted to arbitration;

- on or about August 2, 2010, a dispute arose at the jobsite whereby DeVre complained about the sufficiency of Collins' work;

- on or about August 3, 2010, Castagna, DeVre and Collins met at the jobsite;

- at that time it was agreed between Castagna and DeVre that Collins' work would be limited to: (1) fixing a plastic partition; (2) cleaning concrete in the bathroom area; and (3) digging a single hole in the ground; and

- Collins was paid for a full days work on July 28, 2010, August 2, 2010, August 3, 2010 and August 9, 2010 despite the limited nature of Collins engagement and insufficient work performance.

(Id.)

24. Notwithstanding these undisputed facts, Arbitrator Beranrd Suskewicz ("Suskewicz") ordered that TQM compensate Collins with two weeks pay; two weeks worth of fringe benefits; and two days of overtime. (Id.)

25. The Arbitrator's decision to award two weeks of pay, benefits and overtime was based on Collins' testimony (whom the Arbitrator had observed in an earlier part of the Opinion and Award had testified untruthfully) that he saw non-union workers performing work on various unspecified days in August 2010.

26. In addition, the Arbitrator in dicta found that TQM was bound to the terms of the "Building Site and General Construction Agreement" on a going forward basis notwithstanding the fact that this issue was not before him.

27. This petition to vacate the Arbitration Award is timely in that it was filed and served within three months after the Opinion and Award was filed or delivered in accordance with 29 U.S.C. §12.

## FIRST COUNT

28. Petitioner repeats and realleges the allegations contained in paragraphs 1 through 27 of this petition as if set forth at length herein.

29. In rendering the December 17, 2010, Opinion and Award, the Arbitrator acted in a manner by which the rights of TQM Construction were prejudiced and TQM was deprived of a fundamentally fair hearing by virtue of the facts that:

    a. The undisputed record evidence revealed that Castagna and DeVre agreed that Collins' work would be limited to: (1) fixing a plastic partition; (2) cleaning concrete in the bathroom area; and (3) digging a single hole in the ground;

    b. The undisputed record evidence revealed that Collins was paid for a full days work on July 28, 2010, August 2, 2010, August 3, 2010 and August 9, 2010 despite the limited nature of Collins engagement and insufficient work performance;

    c. Notwithstanding, the aforementioned undisputed evidence regarding the limited nature of Collins' engagement, the Arbitrator awarded two weeks of pay, benefits and overtime to Collins;

d.   During the Arbitration the Arbitrator observed that Collins' testified untruthfully;

e.   Nevertheless, in rendering the December 17, 2010 Opinion and Award the Arbitrator relied primarily on Collins' testimony that he saw non-union workers performing work on various unspecified days in August 2010.

30. By virtue of the fact that the Arbitrator acted in a manner by which the rights of TQM Construction were prejudiced and TQM was deprived of a fundamentally fair hearing, as more fully described herein, the December 17, 2010 Opinion and Award should be vacated pursuant to and in accordance with the criteria set forth at 9 U.S.C. § 10(a)(3).

**WHEREFORE** petitioner **TQM CONSTRUCTION CO.**, prays that the Court:

(a)   vacate the December 17, 2010 Opinion and Award;

(b)   award costs and attorneys fees to Petitioner; and

(c)   grant such other relief as this Court may deem equitable and just.

## SECOND COUNT

31.  Petitioner repeats and realleges the allegations contained in paragraphs 1 through 30 of this petition as if set forth at length herein.

32. In rendering the December 17, 2010, Opinion and Award, the Arbitrator acted with evident impartiality in favor of Local 394 and against TQM Construction Co. by virtue of the facts that:

a.   The undisputed record evidence revealed that Castagna and DeVre agreed that Collins' work would be limited to: (1) fixing a plastic partition; (2) cleaning concrete in the bathroom area; and (3) digging a single hole in the ground;

b.   The undisputed record evidence revealed that Collins was paid for a full days work on July 28, 2010, August 2, 2010, August 3, 2010 and August 9, 2010 despite the limited nature of Collins engagement and insufficient work performance;

c.   Notwithstanding, the aforementioned undisputed evidence regarding the limited nature of Collins' engagement, the Arbitrator awarded two weeks of pay, benefits and overtime to Collins;

    d.  During the Arbitration the Arbitrator observed that Collins' testified untruthfully;

    e.  Nevertheless, in rendering the December 17, 2010 Opinion and Award the Arbitrator relied primarily on Collins' testimony that he saw non-union workers performing work on various unspecified days in August 2010.

33. By virtue of the fact that the Arbitrator acted with evident partiality in favor of Local 394 and against TQM Construction, as more fully described herein, the December 17, 2010 Opinion and Award should be vacated pursuant to and in accordance with the criteria set forth at 9 U.S.C. § 10(a)(2).

    **WHEREFORE** petitioner **TQM CONSTRUCTION CO.**, prays that the Court:

    (a)    vacate the December 17, 2010 Opinion and Award;

    (b)    award costs and attorneys fees to Petitioner; and

    (c)    grant such other relief as this Court may deem equitable and just.

### THIRD COUNT

34. Petitioner repeats and realleges the allegations contained in paragraphs 1 through 33 of this petition as if set forth at length herein.

35. In rendering the December 17, 2010, Opinion and Award, the Arbitrator acted in an arbitrary and capricious manner by virtue of the facts that:

    a.  The undisputed record evidence revealed that Castagna and DeVre agreed that Collins' work would be limited to: (1) fixing a plastic partition; (2) cleaning concrete in the bathroom area; and (3) digging a single hole in the ground;

    b.  The undisputed record evidence revealed that Collins was paid for a full days work on July 28, 2010, August 2, 2010, August 3, 2010 and August 9, 2010 despite the limited nature of Collins engagement and insufficient work performance;

    c.  Notwithstanding, the aforementioned undisputed evidence regarding the limited nature of Collins' engagement, the Arbitrator awarded two weeks of pay, benefits and overtime to Collins;

    d.  During the Arbitration the Arbitrator observed that Collins' testified untruthfully;

    e.  Nevertheless, in rendering the December 17, 2010 Opinion and Award the Arbitrator relied primarily on Collins' testimony that he saw non-union workers performing work on various unspecified days in August 2010.

36. By virtue of the fact that the Arbitrator acted in an arbitrary and capricious manner, as more fully described herein, the December 17, 2010 Opinion and Award should be vacated.

**WHEREFORE** petitioner **TQM CONSTRUCTION CO.**, prays that the Court:

(a)    vacate the December 17, 2010 Opinion and Award;

(b)    award costs and attorneys fees to Petitioner; and

(c)    grant such other relief as this Court may deem equitable and just.

## FOURTH COUNT

37. Petitioner repeats and realleges the allegations contained in paragraphs 1 through 36 of this petition as if set forth at length herein.

38. In rendering the December 17, 2010, Opinion and Award, the Arbitrator exceeded his powers by virtue of the fact that he rendered an opinion as to the enforceability of the "Building, Site and General Construction Agreement" on a going forward basis, when the scope of the Arbitration was specifically limited to resolving the parties' dispute over the Elizabeth Job.

39. By virtue of the fact that the Arbitrator acted in a manner which exceeded his powers beyond the subject matter submitted, the December 17, 2010 Opinion and Award should be vacated pursuant to and in accordance with the criteria set forth at 9 U.S.C. § 10(a)(4).

**WHEREFORE** petitioner **TQM CONSTRUCTION CO.**, prays that the Court:

(a)    vacate the December 17, 2010 Opinion and Award;

(b)    award costs and attorneys fees to Petitioner; and

(c)    grant such other relief as this Court may deem equitable and just.

LUM, DRASCO & POSITAN LLC
Paul A. Sandars, Esq. III
103 Eisenhower Parkway
Roseland, New Jersey 07068
Tel: (973)
Fax: (973) 403-9021
E-Mail: psandars@lumlaw.com
Attorneys for Petitioner, TQM Construction


By:  */s/ Paul A. Sandars, III*
            _____
            PAUL A. SANDARS, III

Dated: February 4, 2011

## <u>CERTIFICATION</u>

Pursuant to <u>L. Civ. R.</u> 11.2, I hereby certify that the matter in controversy in the within Petition is not the subject of any other action pending in the Court or of any arbitration or administrative proceeding.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

> LUM, DRASCO & POSITAN LLC
> Paul A. Sandars, Esq. III
> 103 Eisenhower Parkway
> Roseland, New Jersey 07068
> Tel: (973)
> Fax: (973) 403-9021
> E-Mail: psandars@lumlaw.com
> Attorneys for Petitioner, TQM Construction

> By:  */s/ Paul A. Sandars, III*
> _____
> PAUL A. SANDARS, III

Dated: February 4, 2011

## <u>CERTIFICATION IN LIEU OF AFFIDAVIT OR VERIFICATION</u>

I, Bill DeVre, being of full age, hereby certify as follows:

1.      I am the President of TQM Construction Co., the Petitioner in the within matter and as such I am authorized to execute this Certification in lieu of Affidavit of Verification.

2.      I have read the foregoing Petition and all the facts set forth therein are true and correct to the best of my knowledge, except those facts alleged upon information and belief, which are true and correct to the best of my information and belief.

3.      I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____

Bill DeVre

Dated: February 03, 2011

# EXHIBIT A

01/04/2011 16:32    0000000000                    KH                              PAGE  02/02

AUG-03-2010 15:37 From:NJ BUILDING LABORERS 7326509711          To:7324912120          P.2/3



# Short Form Agreement

### Building, Site and General Construction Agreement

The undersigned Employer, desiring to employ laborers from the New Jersey Building Laborer Local Unions and District Councils affiliated with the Laborers' International Union of North America, hereinafter the "Unions," and being further desirous of building, developing and maintaining a harmonious working relationship between the undersigned Employer and the said Unions in which the rights of both parties are recognized and respected, and the work accomplished with the efficiency, economy and quality that is necessary in order to expand the work opportunities of both parties, and the Unions desiring to fulfill the undersigned Employer's requirements for construction craft laborers, the undersigned Employer and Unions hereby agree to be bound by the terms and conditions as set forth in the 2007-12 Building, Site and General Construction Agreement, which Agreement is incorporated herein as if set forth in full. The permanent arbitrator appointed by the Trustees of the funds shall decide all matters concerning wages and benefits including all matters of procedural and substantive arbitrability.

Agreed to  7/28/10
<br>_Date_

## For the Employer:

TQM Construction Corp.
_Print Name of Employer_

EIN:  56 2345251

_Signature of Authorized Representative/Agent_

Bill Deure
_Print Name_ _____ _Title_

21 Pine St.
_Print Street Address_

Rockaway  NJ. 07866
_Print City, State, Zip Code_

973-983-7979  ~ 973-983-7985
_Telephone Number_          _Fax Number_

E-Mail:  tqmc@optonline.net  [ ] MBE?   [ ] WBE?

## For the Unions:

Al Castagna  BA.
_Building Construction Business Agent Signature_

Al Castagna            394
_Print Name of Business Agent_       _Local Union Number_

Lw no.31 no

# EXHIBIT B

## New Jersey State Board of Mediation

```
In the Matter of:

TQM Construction Corporation
                Employer

        and                          NJSBM Case No.:  10-0489
                                     Opinion & Award

New Jersey Building Laborers
District Council, Local 394
                Union
```

**Before**:  Bernard Suskewicz, Arbitrator

**1.      APPEARANCES:**

<u>For the Employer</u>:      Balwant DeVre, President

<u>For the Union</u>:        James A. Monica, Esq.
                        Kroll Heineman

                        Joseph Gulino, Field Representative
                        Alfred Castagna, Business Agent
                        James E. Collins, Job Steward

**2.      ISSUE:**

Whether TQM Construction Corporation, herein the Employer, violated the collective bargaining agreement between it and New Jersey Building Laborers District Council, herein the Union, by performing certain bargaining unit work at a work site in Elizabeth, New Jersey without employing a Job Steward on the site and by failing to pay the Job Steward the appropriate contractual pay for that period of time?  If so, what shall be the appropriate remedy?

2

3.    **AUTHORITY**:

Pursuant to Article XXI, Arbitration and Grievances of the Collective Bargaining Agreement (U-l)[1] currently in effect between the Employer and the Union, the undersigned was duly designated Arbitrator to hear and decide upon the subject matter of the instant dispute. Further, pursuant to the terms of the Collective Bargaining Agreement and the Rules and Regulations established by the New Jersey State Board of Mediation, herein NJSBM, the Opinion and Award issued will be final and binding upon the parties and subject only to due process of law.  Accordingly, pursuant to said Rules and Regulations, a hearing was held on December 8, 2010 at the offices of the NJSBM.  During the hearing, the Union and the Employer were afforded full and complete opportunity to make opening statements, to present and offer relevant evidence, to examine witnesses and to argue in support of their respective positions and contentions.  The formal record in this matter was closed at the conclusion of the hearing on December 8, 2010.  In accordance with the Rules and Regulations of the NJSBM, I have caused to be issued this Opinion & Award finding that the Employer violated the collective bargaining agreement, as contended by the Union and, I have rendered an appropriate remedy as discussed below.

4.    **FACTS**:

The Union called Joseph Gulino, Field Representative, Alfred Castagna, Business Agent and Job Steward James E. Collins as witnesses who testified under oath.  The Employer's witness was its President, Balwant DeVre who also testified under oath.  As noted above, the

---

[1] Exhibits introduced into evidence at the hearing by the Union are designated by the letter U, followed by the exhibit number; those introduced by the Employer are designated by the letter E, followed by the exhibit number.

3

Employer and the Union are parties to a collective bargaining agreement which is effective from

May 1, 2007, until April 30, 2012.[2]

a.  Applicable collective bargaining agreement provisions:

Article 7.10 (a) of this collective bargaining agreement provides that:

On every job where laborers are employed by an Employer bound by this Agreement, there shall be a laborer Job Steward who shall be a member of the territorial local union where the job is located and who shall be competent in the work to be performed. The Job Steward shall be appointed by the Business Manager. The Job Steward shall be the first laborer hired and the last laborer to be laid off. No laborer shall be permitted to work without a Job Steward on the job. The Job Steward shall not be discharged except for just cause and upon twenty-four hours prior written notice to the business manager.

Article 2.10 of the collective bargaining agreement provides in pertinent part that the

Employer recognizes the Union's work jurisdiction as defined in that article which includes,

multi-trade tending to masons, plasterers, carpenters and other building and construction crafts.

This work includes, *inter alia*, preparation of materials and the handling and conveying of them

to other crafts; aging and curing of concrete, mortar and other materials applied to walls, floors,

ceilings and foundations of buildings and structures; cleanup at job sites including sweeping,

washing down and wiping of construction facilities; site preparation work; and the "mixing,

handling, conveying, wheeling,….spreading and pouring of concrete."

Article 9.10 of the collective bargaining agreement defines the hours of work and

credited hours if one works on a Saturday, Sunday or Holiday.

Article 11.40 of the collective bargaining agreement provides direction as to the

appropriate procedures of payment to employees on discharge, layoff or cancelled workday.

---

[2] The Employer became a signatory to this collective bargaining agreement, in writing, on July 28, 2010, by executing a Short Form Agreement binding itself to the terms thereof. (U-2). Notwithstanding the Employer's contention that it merely executed a single job site agreement, the Employer's President acknowledged his signature on exhibit U-2. I note that the Union denies that a single job site agreement exists nor does the Employer have a copy of such an agreement.

4

b.    Instant Dispute:

It is undisputed that the Employer was awarded a contract by the Elizabeth Board of Education to perform general contracting work at the Roosevelt School, Bayway Avenue job site in Elizabeth, New Jersey. This project included the addition of a number of bathrooms in certain classrooms. The job began on or about July 28, 2010, and was mandated to be completed by the end of August 2010, in time for the opening of the School Year in September. As noted above, the Employer became signatory to the applicable collective bargaining agreement on July 28, 2010. It is further undisputed that James E. Collins, a Union member, began employment with the Employer on July 30, 2010, after being dispatched to the job site by the Union at the Employer's request for a laborer. Collins was designated as the Union's steward in accordance with the terms of the collective bargaining agreement.[3] It is further undisputed that Collins worked on Friday July 28th and Monday and Tuesday, August 2nd and 3rd. It is also undisputed that Collins received the additional $.75 Job Steward rate as provided under Article 7.50 of the collective bargaining agreement and was paid for the time he worked at the rate described in the collective bargaining agreement. (U-1).

It appears that the Employer was not satisfied with Collins' production and its President DeVre complained about that to the Union's Business Agent Castagna. During the work day on Tuesday, August 3rd, Castagna, DeVre and Collins met at the job site and agreed that Collins had to complete three tasks, namely 1] fix plastic partition, 2] clean concrete in bathroom area and 3] dig a certain hole in the ground. The evidence disclosed that Collins completed item 2 and some but not all of item 3 on August 3rd. DeVre acknowledges that he, himself, completed item 1 on

---

[3] Collins replaced the previously dispatched steward, Guadalupe Aponte who had begun work at the job on July 28, 2010.

5

that date.[4]   It is further undisputed that Collins returned to the job site on August 9th and completed item 3, above.  Collins was fully paid for all work that he performed.  The Employer asserts that it had no more Laborers work after August 9 until the project was completed at the end of August.  DeVre does acknowledge that in addition to completing item 1 as noted above, he and his wife performed some clean up work during the course of the Roosevelt School project, although the frequency of this occurrence is not described in the record.

Collins, contrary to DeVre, testified that he was discharged at the end of the work day on August 3rd.  This seems implausible as it is undisputed that Collins returned to work on August 9th, as described above.  Thereafter, according to the Employer, it had no further work on the job site requiring employees referred by the Union.  Thus, the Employer asserts that it did not fail to apply the terms of its collective bargaining agreement as there was no further Laborers work to be performed at the job site after August 9th.

On the other-hand, the Union asserts that Laborers work under its jurisdiction was performed at the job site at the time Collins was employed there and continued being performed by other after Collins ceased being employed.  In support of this contention, the Union proffered testimony through Collins and Gulino that they observed other employees performing bargaining unit work at the job site at times when the Employer was not utilizing Union referrals to perform that work.  In this connection, Gulino testified that he visited the job site on Saturday July 31st and observed employees doing Laborers work .  He also visited the site on August 14th and observed several employees doing Union work.  Collins testified that he observed other employees performing bargaining unit work on July 30th during the hours he was there as well as in the evening until 8 or 9 pm. Collins also observed on unspecified dates during the period from

_____

[4] By DeVre's own estimate this consisted of a half hour of work. DeVre justified his completing the work by noting that he was under pressure to complete the project before the beginning of the School year and that Collins had advised him that he needed to leave early on August 3rd.

6

August 4 through 19, 2010, others performing Laborers work at the job site when he and other laborers from the Union should have been performing that work. The Union contends that the work being performed by others included demolition work, preparation of materials and the handling and conveying of them to other crafts, cleanup including sweeping, site preparation work and the mixing, handling, conveying, wheeling, spreading and pouring of concrete.

In response to this latter contention, the Employer contends that, as a general contractor, it entered into sub-contracts with a masonry contractor, identified as Wendell, as well as sub-contracts with plumbing and electrical contractors to perform those craft functions. The Employer contends that those sub-contractors employed employees performing their respective craft work as well as duties such as clean up, mixing cement, carrying materials around the job site which would fall under the Laborers work jurisdiction. The Employer acknowledges that it directly employed employees performing carpentry and painting work who were on its payroll. Those craft employees or their helpers performed work within the Union's jurisdiction such as conveying materials and cleanup work. The Employer does not dispute that some of this work occurred on Saturdays as well as during evenings.

Although not specifically raised by the parties, I note that Article 17.10 of the collective bargaining agreement provides, in pertinent part, that "the Employer agrees to require all subcontractors to use laborers represented by the Union for all cleanup work at the project." Further, the clause goes on to state that its purpose "is to preserve the job opportunities and work jurisdiction of employees covered by this Agreement."

Based on the above and the record as a whole, noting that the Employer acknowledges that its President and his wife, preformed some work at the project which falls within the Union's work jurisdiction and that it failed to require its sub-contractors to use laborers

8

### 6.   REMEDY:

Having determined that the Employer violated the collective bargaining agreement as noted above, I will direct the following remedy which is in accord with the meaning and interpretation of the contractual clauses involved in this dispute.

1.: The Employer shall pay Job Steward James E. Collins two weeks pay (80 hours)[6] at the contractual rate he was then earning including the additional $.75 Job Steward rate. Further, the Employer shall provide all fringe benefits that Collins and the Union would be entitled to as if Collins had worked those weeks.

2.: The Employer shall pay Job Steward James E. Collins two days pay (16 hours)[7] for two Saturdays at the appropriate overtime rate. Further, the Employer shall provide all fringe benefits that Collins and the Union would be entitled to as if Collins had worked those Saturdays.

Accordingly, I shall issue the following:

---

[6] As this project lasted approximately 4 weeks, and as it is unclear whether laborers were needed for the entire 4 week period, I find that 2 weeks represents a Solomonesque compromise.
[7] I have ordered two Saturday payments on the same basis as noted in the above footnote.

9

In the Matter of:

TQM Construction
Corporation
                  Employer


        and                          NJSBM Case No.:  10-0489
                                     Opinion & Award
New Jersey Building Laborers
District Council, Local 394
                  Union


AWARD:

        Accordingly, the Union's grievance is sustained.



Dated:  December 17, 2010                _Bernard Suskewicz_
                                         Bernard Suskewicz
                                         Arbitrator



STATE OF NEW JERSEY
COUNTY OF BERGEN

        On this 17th day of December, 2010, before me personally, came and appeared Bernard
Suskewicz, known to me to be the person described herein who executed the foregoing
instrument, and he acknowledged to me that he executed the same.


```
MUFTAU A BELLO
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES JUNE 28, 2015
I.D.# 2255562
```